# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-1136V
**Filed: May 3, 2022**
UNPUBLISHED

| | |
|---|---|
| CAROYLN PIERSON,<br><br>          Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>          Respondent. | Special Master Horner<br><br><br>Damages Decision Based on Proffer;<br>Pneumococcal conjugate ("Prevnar-13") Vaccine; Guillain-Barre Syndrome ("GBS") |

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA, for petitioner.*
*Austin Egan, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

On August 23, 2017, Carolyn Pierson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). On April 12, 2018, petitioner filed an amended petitioner, alleging that as a result of her pneumococcal conjugate ("Prevnar 13") vaccine administered on January 6, 2018, she suffered from Guillain-Barre Syndrome ("GBS"). (ECF No. 12.)

On January 19, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her GBS. On May 3, 2022, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $155,000.00 in pain and suffering. (ECF No. 86.) In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $155,000.00 in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Daniel T. Horner**</u>
Daniel T. Horner
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS**

|  |  |  |
|---|---|---|
| CAROLYN PIERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 17-1136V |
| v. | ) | Special Master Horner |
| | ) | ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On August 23, 2017, petitioner filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, *as amended*, 42 U.S.C. §§ 300aa-1 *et seq*. ("Vaccine Act"). ECF No. 1. On April 12, 2018, petitioner filed an amended petition, alleging that as a result of a pneumococcal conjugate ("Prevnar-13") vaccine administered on January 6, 2015, she suffered from Guillain-Barre Syndrome ("GBS"). ECF No. 12. On July 30, 2018, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report recommending compensation be denied. ECF No. 20. On November 17 and 18, 2021, Special Master Horner held an entitlement hearing, and on January 19, 2022, he issued a Ruling on Entitlement, finding that petitioner was entitled to compensation for her GBS.[1] ECF No. 80.

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's January 19, 2022 entitlement decision.

**I.**     **Items of Compensation**

Based on the evidence of record, respondent proffers that petitioner should be awarded

**$155,000.00** in pain and suffering.  *See* 42 U.S.C. § 300aa-15(a)(4).  This amount represents all

elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).

Petitioner agrees.

**II.**     **Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respondent recommends that the compensation provided to petitioner should be made through a

lump sum payment as described below and requests that the Special Master's decision and the

Court's judgment award the following[2]:  a lump sum payment of **$155,000.00**, in the form of a

check payable to petitioner.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

TRACI R. PATTON
Assistant Director
Torts Branch, Civil Division

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

/s/ AUSTIN J. EGAN
Austin J. Egan
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Ben Franklin Station
Washington, DC 20044-0146
Tel: (202) 451-7479
Austin.J.Egan@usdoj.gov

Date:  May 3, 2022